498 P.2d 163

**William S. CAMERON, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Dilgard Construction, Respondent Employer, State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 653.**

Court of Appeals of Arizona, Division 1, Department A.

June 8, 1972.

Spencer K. Johnston, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Comm. of Ariz., for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Courtney L. Varner, Phoenix, for respondent carrier.

STEVENS, Presiding Judge.

The issue before this Court is the extent of the responsibility of the hearing officer and The Industrial Commission of Arizona to assure that medical evidence which might be favorable to the injured workman is presented at the hearing wherein the workman represents himself.

William S. Cameron, herein referred to as the petitioner, in the course of his employment fell several feet, landing on his back with a wooden beam across his chest. This occurred on a Thursday. He continued to work the balance of the day and the following Friday. On Saturday he was taken to the hospital because of chest pains. His condition was diagnosed by Charles M. Rucker, M. D., as a spontaneous pneumothorax.

There developed a conflict as to whether the accident was reported to his employer on the day of the accident and the carrier issued its notice of claim status denying the claim, the notice giving as the reason

for this action "insufficient evidence, further inquiry is necessary." The petitioner filed a timely request for a hearing.

On 3 June 1970 a notice of hearing was issued with service thereof on the petitioner and on the carrier. The date specified in the notice was 22 October 1970. The carrier secured the issuance of a subpoena for Boyd Paulson who was the petitioner's foreman on the date of the fall. No other subpoenas were issued.

At the hearing the petitioner identified a man whom he knew only as Floyd as a fellow workman who was working with him while handling the beam which fell on the petitioner on the day in question. The petitioner identified a Dr. Weisman as his family physician and a Dr. Snyder who examined him for the Welfare Department as well as Dr. Rucker. He stated that he had no idea where to locate Floyd. The petitioner stated that he had not seen any doctor in relation to this chest problem for some period of time and he also testified that due to shortness of breath he could not be gainfully employed. There was conflict in the evidence as to whether the foreman had been told of the accident.

At the close of the evidence the hearing officer stated that had the petitioner been represented by counsel the hearing would have been closed without the corroborating testimony of Floyd or the medical evidence of Dr. Rucker. After an objection by the Fund, the record reflects the following:

"HEARING OFFICER: I phrased it different. I said when an unrepresented claimant appears without knowledge with what is necessary to prove his case the Industrial Commission wouldn't preclude him from showing a compensable claim, if it in fact be compensable, because he was not aware of the requirements.

"THE APPLICANT: I can't afford a lawyer.

"HEARING OFFICER: Sometimes these things can be taken care of by written reports. See, we don't have any written reports in the record."

The carrier then disclosed that the carrier file contained a report of an interview with Floyd and contained medical reports. The carrier agreed to permit the examination thereof.

On 7 January 1971 the hearing officer on his own motion wrote to the petitioner and to the carrier as follows:

"I have reviewed in detail the transcript of the hearing held October 22, 1970 and the insurance carrier's complete file which Mr. Varner has been gracious enough to provide. I find no expression of any opinion by any treating doctor as to whether the spontaneous pneumothorax which the applicant sustained on January 17, 1970 was related in any way to the fall and blow to the chest which applicant received on January 14, 1970.

"Since the applicant is not represented by counsel, I feel that for the Commission to fairly adjudicate his claim it should solicit an opinion as to whether or not there is a relationship.

"I note that applicant was treated for this condition by Charles M. Rucker, M. D. Therefore, I have set February 22, 1971, at 10:00 A.M. as the time and place for a hearing and have issued a subpoena for Dr. Rucker to appear. Formal Notice of Further Hearing will follow shortly. I will honor requests by either party for any other medical witness at this hearing."

The hearing officer, on his own, issued a subpoena for Dr. Rucker. Prior to the appointed date Dr. Rucker sent a report to the hearing officer and requested that he be excused from attendance at the hearing due to conflicts in his practice.

The date of the hearing was changed from 22 February to 25 February. On 25 February the carrier expressly waived objections to Dr. Rucker's report as did the petitioner. The report stated in part as follows:

"In Mr. William Cameron's case I feel that his basic underlying disease is a localized form of emphysema and this is

unrelated to his job. However, the strenuous nature of his work as a carpenter could possibly have been a contributing factor in the rupture of one of the emphysematous blebs. I would say that the spontaneous pneumothorax was possibly, but not probably, related to his occupation. I last saw the patient on January 30th 1970. At that time his condition had stabalized (sic) and he was told to return to my office only if complications developed. It was my opinion at the time that he could return to work not later than March 1st 1970. I do not consider him disabled in any way as a result of his spontaneous pneumothorax."

It is not clear from the report as to whether Dr. Rucker was fully aware of the trauma which had occurred so recently before his examination of the petitioner and therefore there was no medical opinion expressed as to any causal relationship between the industrial accident and the pneumothorax.

The hearing officer rendered his award resolving the issue as to the fact that there was an industrially related accident in favor of the petitioner. The hearing officer further found:

"7. The spontaneous pneumothorax which applicant suffered on January 17, 1970 was not related to the fall at work on or about January 14, 1970.

"8. Applicant is not entitled to benefits under the Workmen's Compensation Act."

Thereafter present counsel was employed by the petitioner, the Commission affirmed the award of the hearing officer and the matter was brought to this Court by writ of certiorari.

The petitioner strongly urges that he was denied the fundamental right to cross-examine Dr. Rucker. He argues that under Allen v. Industrial Commission of Arizona, 87 Ariz. 56, 347 P.2d 710 (1959), the Commission owed a duty to the injured workman.[1] It is noted that the A.R.S. section quoted by our Supreme Court is the pre-1969 A.R.S. § 23-942. At that time the Commission investigated claims, the Commission insured the employers, and the Commission adjudicated the claims. The investigative function now rests with the injured workman and with the carriers.

A portion of the pre-1969 A.R.S. § 23-942 appears to have been carried forward in the current A.R.S. § 23-941 relating to hearings. Subsection, subsec. F thereof is as follows:

"F. Except as otherwise provided in this section and rules of procedure established by the commission, the hearing officer is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure and may conduct the hearing in any manner that will achieve substantial justice.

Workmen's compensation hearings now appear to be adversary proceedings and they are not as paternalistic as they formerly were. Competent evidence to support a claim apparently, at times, appears in the

[1]. In Allen our Supreme Court stated:
"Nor do we consider the role of the Commission to be that strictly of an adversary at a proceeding in which it acts also in a judicial capacity, especially when the employee, as here, does not appear before it represented by counsel. The position of the Commission is cast in much broader terms. Thus, A.R.S. § 23-942 provides:
'The commission shall not be bound by the rules of evidence or by technical or formal rules of procedure other than as provided in this chapter. The commission may conduct investigations in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out the spirit of this chapter.'
"Consequently, it is as much the task of the Commission to encourage and evaluate fairly proper claims as it is to expose and reject improper ones. No less is required if the Commission is to fulfill its duty 'to ascertain the substantial rights of the parties and to carry out the spirit' of the statute which it has the responsibility to administer." 87 Ariz. at 68, 347 P.2d at 718.

carrier's file unknown to the injured workman.

In this instance the hearing officer advised petitioner approximately six weeks before the 25 February hearing:

"I find no expression of any opinion by any treating doctor as to whether the spontaneous pneumothorax which the applicant sustained on January 17, 1970 was related in any way to the fall and blow to the chest which applicant received on January 14, 1970."

In our opinion the hearing officer fully complied with the letter and the spirit of the current A.R.S. § 23–941, subsec. F. The petitioner was treated fairly. This opinion is not to be construed as holding that in each case the hearing officer is required to be as considerate of each claimant who appears without counsel.

The award is affirmed.

CASE and DONOFRIO, JJ., concur.